RUSSELL MASON SHAW, appellant, v. DEPARTMENT OF PUBLIC
SAFETY, appellee.

No. 51466.

(Reported in 131 N.W.2d 261)

NOVEMBER 17, 1964.

Pendleton & Pendleton, of Storm Lake, and Joe A. Greenlief, of Fort Dodge, for appellant.

Evan Hultman, Attorney General, and George J. Knoke, Assistant Attorney General, of Des Moines, for appellee.

PETERSON, J.—On the eighth day of April, 1963, the Motor Vehicle Division of the state of Colorado suspended the privilege of Russell Mason Shaw to operate a motor vehicle upon the streets and highways of Colorado for one year from that date. He was charged with operating a motor vehicle while intoxicated. Mr. Shaw then came back to Iowa and secured a chauffeur's license to drive a milk truck, which he was driving in an area of 25 miles in and around Storm Lake.

He was notified on June 29, 1963, that the Iowa Department of Public Safety was revoking his chauffeur's license, after having received notice from the state of Colorado that his license had been suspended in said state. The notice stated the revocation was made under the provisions of sections 321.205 and 321.209 of the Code of Iowa.

After receiving the notice from the Department of Public Safety, appellant requested a hearing in connection with said revocation in an attempt to secure a temporary restricted license to perform his employment of operating the milk truck. The Department of Public Safety advised him that there was no provision as to hearing as to said matter and denied his request.

Appellant thereupon filed a petition for writ of certiorari in the District Court of Buena Vista County alleging that appellant had been denied a hearing by the Department of Public Safety. He also alleged that such denial as to hearing was arbitrary, capricious and illegal. He further alleged that the document received from the state of Colorado did not comply with the laws of the United States of America for authentication of documents as between states.

Upon hearing in the district court the writ was annulled, and the revocation of appellant's license was confirmed. Plaintiff appealed.

Appellant assigns five alleged errors: 1. The trial court had no authority under section 321.205 to revoke appellant's privilege to operate a motor vehicle. 2. The instrument sent by the state of Colorado to the Department of Public Safety of the state of Iowa was not properly authenticated as provided by 28 U. S. C. A., sections 1738 and 1739. 3. The trial court erred in ruling the Department of Public Safety had authority to revoke appellant's license under section 321.209, Code of Iowa. 4. The trial court erred in not holding appellant was entitled to a hearing before the Department of Public Safety for the purpose of securing at least a temporary restricted license. 5. That all powers of the Department of Public Safety have terminated in this case.

I. Appellant urges the first assignment on the basis that plaintiff was not a resident of the state of Iowa at the time his motor vehicle license was suspended in the state of Colorado and the department, therefore, had no authority under section 321.205 to revoke his Iowa license. We will not give this alleged ground of error any extended attention because plaintiff did not raise the question in the district court. We have serious doubts as to the presence of any merit in the contention.

II. The state of Colorado sent a document to the state of Iowa stating that appellant's privilege to operate a motor vehicle in Colorado was suspended for one year from April 8, 1963. The document was signed "Motor Vehicle Division, State of Colorado by Jack L. Clasky." Mr. Clasky denominated himself as the administrative supervisor, driver improvement section,

and as such signed the document sent to Iowa and certified that it was an exact copy of the original record on file in his department.

Appellant contends that defendant, Department of Public Safety of the state of Iowa, was not properly notified as to the suspension of Mr. Shaw's license in the state of Colorado. It is appellant's contention that this document does not comply with sections 1738 and 1739 of Title 28 of the U. S. C. A.

As to a matter of this nature it is not necessary that the technical provisions of said two United States Code sections be strictly followed. Any legal appearing form of certification from another state to Iowa or any other state which, in fact, gives the information to Iowa as to appellant's suspension in Colorado is sufficient. Section 321.205, Code of Iowa, provides:

"The department is authorized to suspend or revoke the license of any resident of this state upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur."

Section 321.209 provides for mandatory revocation.

The document sent by Colorado to Iowa was on a printed form of "Motor Vehicle Division of the State of Colorado." The printed form also was evidence of the fact that Jack L. Clasky was the administrative supervisor of said division. Such showing as to motor vehicle matters as between two states is sufficient. The question has been considered by several states, and forms of the type received by Iowa in the case at bar have been approved. Commonwealth v. Hogan, 197 Pa. Super. 596, 180 A.2d 100 (1962); La Victoire v. Kelly, 5 App. Div.2d 548, 173 N. Y. S.2d 543 (1958); also see 1962 Report of Attorney General, page 291.

III. Appellant also contends that the Department of Public Safety had no authority under 321.209 to revoke appellant's license. As to this section, it is also the position of appellant that since the offense for which appellant's license in Iowa was revoked was not committed in Iowa, but was committed in another state, the Iowa department had no right to revoke the license. Appellant contends that a proper construction of said

section is that it covers only offenses committed in Iowa. Section 321.209 provides as follows as to pertinent parts thereof:

"The department shall forthwith revoke the license of any operator or chauffeur, or driving privilege, upon receiving a record of such operator's or chauffeur's conviction of any of the following offenses, when such conviction has become final: * * * 2. Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug."

The two sections, 321.205 and 321.209, must be considered together in forming the basis for the suspension or revocation of the license of appellant. Considered together there is ample authority on the part of Department of Public Safety to revoke appellant's license, upon receipt of the notice of suspension from the state of Colorado.

IV. Appellant contends he was entitled to a hearing before the Department of Public Safety prior to the revocation of his license. There is no provision under the two sections above quoted for hearing before the board. No discretion rests in the department. The sections are mandatory as to what the department should and must do and no hearing in the matter would be of any value to either appellant or the department. When the notice is received in Iowa by the Department of Public Safety it has no discretion to act, on hearing or otherwise, as to a license such as the one held by appellant. It must revoke such license. If the right of appeal to the court is provided no notice or hearing is required in the department. Spurbeck v. Statton, 252 Iowa 279, 288, 106 N.W.2d 660, 665.

V. Appellant also contends that the Iowa Department of Public Safety acted arbitrarily, capriciously and illegally in not granting such hearing. What we have said in the previous division also pertains to this division. The fact is that if the Department of Public Safety had failed to revoke appellant's license it would have failed to perform its duty as provided under definite statutes of the state of Iowa.

VI. Appellant contends finally that the powers of the Iowa Department of Public Safety have now completely terminated in this case. It is true that the District Judge granted a stay order as to suspension or revocation of appellant's license and plaintiff

has been operating under the power of such order since the certiorari case was tried in the district court. As to whether such order was right or wrong is not before this court in this case. It is our function to decide whether the writ of certiorari should be issued sustaining or annulling the action of the Department of Public Safety. There is no specific question involved as to the expiration of the powers of the board.

The action of the district court in annulling the writ of certiorari is affirmed.—Affirmed.

All Justices concur except Hays, J., not sitting, and Snell, J., who takes no part.