ROBERT VINCENT MANGAN, appellant, v. DEPARTMENT OF PUBLIC SAFETY; WM. F. SUEPPEL, commissioner, and MAJOR HOWARD S. MILLER, assistant chief examiner, Highway Safety Patrol Division, appellees.

No. 51832.

(Reported in 138 N.W.2d 922)

360

DECEMBER 14, 1965.

Hart & Hart and C. F. Neylan, both of Elkader, for appellant.

Lawrence F. Scalise, Attorney General, and Joe Brick, Assistant Attorney General, for appellees.

STUART, J.—Petitioner filed a Petition for Writ of Certiorari in the district court challenging respondents' jurisdiction and the legality of their action in cancelling his privilege to operate a motor vehicle. The trial court sustained the action of the Department of Public Safety and annulled the writ. We affirm.

On September 18, 1964, petitioner was served with official notice of the suspension of his privileges to operate a motor vehicle after October 8, 1964 "under the provisions of Section 321.177(7), Code of Iowa (blackout epilepsy), until competency restored".

On September 30, 1964, he applied for and received a renewal of his license, stating on his application that he had no mental or physical disabilities and that his privilege to drive had never been suspended, revoked or denied.

On November 5, 1965, the suspension of the license was upheld in an administrative hearing. A petition for writ of certiorari was filed. The writ was sustained November 25, 1964, on the ground that the notice given on the basis of section 321.177 (7) was not legally sufficient to deny the privilege to drive under a license duly issued and in force. The court said: "In view of the record made, it is deemed proper to say that the court does not consider the order now made as precluding the defendants from taking other action as may be warranted by the motor vehicle laws of the State of Iowa, including section 321.201 thereof."

Thereafter, petitioner received "Official Notice" stating in part: "you are hereby notified that: Effective December 1, 1964, your privileges to operate motor vehicles are cancelled and denied under the provisions of Sections 321.201 and 321.177, Par.

7, Code of Iowa. (Not entitled to issuance—indefinitely, Physical Defect.)"

Without requesting another administrative hearing, petitioner filed the petition for writ of certiorari which is the subject of this appeal. In his prayer he asks respondents to certify "all records and proceedings relating to the above mentioned suspension of the driver's license of this plaintiff and to the hearing held in connection with that suspension" on November 5, 1964. This was done. In addition to the transcript of proceedings at the administrative hearing and the file and return on the first writ, the trial court had before it the return to this writ and additional testimony taken in the district court. The trial court determined the Department of Public Safety was warranted in cancelling petitioner's license and did not act arbitrarily or capriciously.

■ I. We shall first dispose of a contention upon which petitioner relies in all three divisions of his argument. He relies on the words "physical defect" appearing in the second notice of suspension. His position is that the departmental regulations treat epilepsy as a mental defect and therefore evidence of an epileptic condition is immaterial at a hearing under a notice of suspension based on a "physical defect". We need not decide whether epilepsy is a physical or mental defect or the effect of regulations classifying it as mental, if they do, because a notice of this kind is not required to be technically accurate or precise.

The notice was given in accordance with the terms of Code section 321.211 which provides: "Upon suspending the license of any person as hereinbefore authorized the department shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing * * *."

The statute does not set forth any specific requirement as to the contents of the notice. In most instances it will be prepared by someone without legal training. It advised petitioner of the suspension of his license under two Code provisions which provide:

Section 321.177 "The department shall not issue any license hereunder: * * *

"7. To any person when the commissioner has good cause to

believe that such person by reason of physical or mental disability would not be able to operate a motor vehicle with safety upon the highways."

Section 321.201 "The department is hereby authorized to cancel any operator's * * * license upon determining that the licensee was not entitled to the issuance thereof hereunder or that said licensee failed to give the required or correct information in his application or committed any fraud in making such application."

The notice was sufficient to advise petitioner of the reasons for the suspension and afford him the opportunity for a hearing if he so desired. A hearing had already been held and the suspension set aside in a certiorari proceedings in which the court, in effect, invited the State to proceed as they did herein. Petitioner knew his epileptic condition was the reason for the suspension and had been confronted with statements and results of the officer's investigation at the prior hearing.

We consider the inclusion of the Code sections sufficient notice of the reason for the suspension. The reference to "physical defect" is surplusage and does not prevent the department upon hearing from showing the suspension was based upon his epileptic condition and the making of false statements in his application for renewal.

II. Petitioner claims the trial court erred in placing the burden of proof on him. He argues the admission in the answer that his driving privileges were cancelled puts the burden on respondent to establish grounds for the cancellation. We do not agree.

Petitioner elected to proceed in certiorari rather than appeal under the provisions of section 321.215, Code of Iowa. Having selected certiorari he is bound by the procedure and limitations of remedy set forth in Rules of Civil Procedure, 306 through 319.

"The writ of certiorari is distinguishable from appeal in that certiorari prevents the body performing or exercising a judicial or quasi-judicial function from violating principle of jurisdiction or exceeding the scope of its authority, while appeal is aimed to relieve the individual litigant substantively or from

364

mistake in applying adjective law." Hohl v. Board of Education of Poweshiek County, 250 Iowa 502, 509, 94 N.W.2d 787.

In certiorari, the petitioner has the burden of showing respondent has exceeded its proper jurisdiction or otherwise acted illegally. Johnson v. Levis, 240 Iowa 806, 808, 38 N.W.2d 115. The admission the driving privileges were cancelled can in no way be considered sufficient proof respondent acted without jurisdiction, illegally or capriciously. The burden to so show remains on petitioner.

III. Petitioner argues the court erred in permitting respondent to cross-examine him concerning his epileptic condition and statements made when he applied for his operator's license on the ground that such examination was immaterial and beyond the scope of the direct examination. Petitioner's claim of immateriality is based on his position that the evidence should be restricted to "physical defects". We have heretofore determined the wording of the notice does not restrict respondent to the extent claimed by petitioner. Both the epileptic condition and false statements in his application for renewal are clearly within the statutory provisions of sections 321.177(7) and 321.201 set out in Division I. Evidence which would tend to support the suspension under these two sections would be material.

In certiorari, the only additional evidence which is permitted is in explanation of matters contained in the return. Rule 315, R. C. P. Petitioner, testifying in his own behalf, denied that he had any of the physical defects specified in the departmental regulations. On cross-examination he admitted suffering from a mild form of epilepsy and claimed his last seizure was in June of 1964. He also admitted denying he had any physical or mental disabilities or that his license had been suspended or revoked or denied when he made his application for renewal. This was objected to as being beyond the scope of the direct examination. The trial court has broad discretion in determining what is proper cross-examination. In re Condemnation of Certain Land, Primary Road No. 141, 255 Iowa 711, 124 N.W. 2d 141. We do not believe the trial court abused that discretion in permitting cross-examination of petitioner as to his epileptic condition following direct examination about his physical condi-

tion. Assuming, without deciding, it was not proper to permit questions about his application for a license, such error would not be prejudicial as the signed application showing these answers is part of the return to the writ. The testimony is merely cumulative.

IV. Petitioner claims there was not sufficient competent evidence to sustain the trial court and that the Department of Public Safety acted arbitrarily and capriciously in cancelling his license. In certiorari review of an administrative hearing the fact that incompetent evidence might have been introduced is not grounds for a reversal. "It is the duty of the appellate court to review the evidence so far as it may be necessary to determine whether there is any competent evidence to support the charges; and, if there is no competent evidence to support the charges, the question then becomes one of law, and a decision by an inferior tribunal, based entirely upon incompetent evidence only, results in such an illegality as would warrant the appellate court in reviewing [reversing?] the findings of the lower tribunal in certiorari." Luke v. Civil Service Commission, 225 Iowa 189, 194, 279 N.W. 443.

We find competent evidence to support the findings of the hearing officer. There is abundant proof petitioner suffers from an epileptic condition. He admits it and introduced statements of three doctors which confirm it. He admitted having a spell in June of 1964. He "blacked out" at the time of the accident in July 1964, which precipitated this investigation. He blames the blackout on a head injury sustained in another car accident some hours earlier. One doctor states this blow "could have caused his blackout". Dr. W. A. Tice's statement was admitted voluntarily as follows:

"I have examined Mr. Robert Mangan and have also reviewed his findings at the Mayo Clinic in October, 1957.

"It is my finding, and that of Mayo Clinic, that Mr. Mangan has a very mild form of epilepsy which can be controlled if he lives a well ordered life without excesses and if he takes his medicine regularly. * * *

"This man blacked out on July 5, 1964, just twelve hours after he received a head injury in another car accident. He was

a passenger in another car that was sideswiped and his head hit the windshield hard enough to break it. I think the head injury was enough to cause cerebral irritation and this precipitated the spell. Furthermore, Mr. Mangan tells me that he has not been taking his medicine regularly. I feel, as I stated in the physician's report, that his epilepsy can be controlled medically."

This is sufficient competent evidence to support the suspension by the Department of Public Safety.

■ The trial court in its findings of fact quoted extensively from American Jurisprudence, Proof of Facts, describing the nature of epilepsy and including a model examination of a doctor concerning epilepsy. This was not and could not have been introduced into evidence. We have given this part of the trial court's findings no consideration.

For the reasons herein stated, the trial court is affirmed.—Affirmed.

All JUSTICES concur.