DENNIS JOSEPH BERLEEN, appellant, v. IOWA DEPARTMENT OF PUBLIC SAFETY, Drivers License Division, an Agency of the State, et al., appellees.

No. 52483.

(Reported in 150 N.W.2d 593)

MAY 2, 1967.

Arthur J. Crawford, of Fort Dodge, for appellant.

Richard C. Turner, Attorney General, and Joseph W. Zeller, Assistant Attorney General, for appellees.

MOORE, J.—This is an action in certiorari filed in the district court challenging the legality of the Department of Public Safety's action in revoking plaintiff's privilege to operate a motor vehicle. The trial court sustained the department's action and annulled the writ. We affirm.

The facts are not in dispute. The evidence before the trial court was that contained in the department's return to the writ. On March 3, 1966, plaintiff-appellant was convicted of the offense of drag racing in violation of Code section 321.284. There was no appeal from this conviction.

Promptly after receiving notice of this conviction, defendant-appellees notified plaintiff his driver's license was revoked for a period of one year from March 3, 1966 to March 3, 1967. His request for a hearing was refused. He was notified by defendants revocation was mandatory. This certiorari action was then commenced. Plaintiff's allegations included an assertion the revocation was arbitrary, illegal and in excess of the Department of Public Safety's jurisdiction.

Plaintiff's sole assigned error is that the trial court erred in holding the department had no alternative or discretion under Code section 321.209 but to revoke his driver's license for one year.

I. The one-year revocation period has now expired. We could summarily dispose of the appeal by holding the question is now moot. We have often held we will not decide moot questions. Nitta v. Kuda, 249 Iowa 853, 857, 89 N.W.2d 149, 151, and citations; State ex rel. Bruner v. Sanders, 256 Iowa 999,

1004, 1005, 129 N.W.2d 602, 605. An exception to the rule, however, is that where a question of public interest is involved it lies in the discretion of the court to pass on the question. Danner v. Hass, 257 Iowa 654, 659, 134 N.W.2d 534, 539. See also 5 Am. Jur.2d, Appeal and Error, section 768. The action of the public safety department was based on an established construction of its duty. It concerns a matter of public interest. We conclude our discretion should be exercised in favor of a decision on the merits of this case.

██ ██ II. In this certiorari action plaintiff has the burden of showing the public safety department has exceeded its proper jurisdiction or otherwise acted illegally. Rule 306, Rules of Civil Procedure; Mangan v. Department of Public Safety, 258 Iowa 359, 364, 138 N.W.2d 922, 925. He argues he was entitled to a hearing before the department prior to revocation of his license and its action was arbitrary and illegal. The statutes as applied to a conviction for drag racing are unambiguous and clearly against his contention.

As pertinent here, section 321.209, Code 1966, provides:

"Mandatory revocation. The department shall forthwith revoke the license of any operator or chauffeur * * * upon receiving a record of such operator's * * * conviction of any of the following offenses, when such conviction has become final: * * *

"8. Conviction of drag racing."

Section 321.212 provides: "* * * upon revoking a license the department shall not in any event grant application for a new license until the expiration of one year after such revocation."

Plaintiff attempts to apply the provisions of section 321.210 which relate to suspension of driver's license upon a showing of certain violations. As applied to drag racing it relates only to a showing of a violation before conviction. Upon conviction the provisions of section 321.209 apply. The difference between sections 321.209 and 321.210 relates to a showing before conviction and a final conviction.

There is no provision in section 321.209 for a hearing before the board. No discretion rests in the department when a convic-

702

tion of drag racing becomes final. This statute is mandatory as to what the department must do. A hearing in the matter would be of no value to either plaintiff or the department. Revocation of plaintiff's driver's license was mandatory. The department's revocation order was neither arbitrary nor illegal. Shaw v. Department of Public Safety, 257 Iowa 30, 34, 131 N.W.2d 261, 264.

The judgment of the trial court was correct.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.