CLYSTA ANN RICHARD, plaintiff-petitioner, v. HON. GIBSON C. HOLLIDAY, Judge, District Court of Polk County, defendant-respondent.

No. 52519.

(Reported in 153 N.W.2d 473)

182

OCTOBER 17, 1967.

Gill & Huscher, of Des Moines, for plaintiff-petitioner.

Richard C. Turner, Attorney General, and Joseph W. Zeller, Assistant Attorney General, for defendant-respondent.

GARFIELD, C. J.—Certiorari under rules 306 to 319, Rules of Civil Procedure, to review order of defendant-court affirming suspension for 60 days by the state department of public safety of plaintiff's license to operate a motor vehicle. We affirm the order.

The drivers license division of the Iowa department of public safety gave plaintiff "Official Notice" that effective December 24, 1965, her privileges to operate motor vehicles were suspended for 60 days under the provisions of section 321.210, subsection 7, Code 1962, infra, because of a serious violation. Also that effective at the end of the 60-day period plaintiff's privileges to operate motor vehicles were suspended in accordance with section 321A.17(1) and (2) until she posted proof of her financial responsibility.

The notice was based on a "Record of Conviction" on November 5, 1965, of speeding 97 miles per hour on October 30 in a 75 mile-an-hour zone.

A transcript of the proceedings before the department commissioner indicates plaintiff requested a hearing upon the suspension before him or his duly authorized agent, pursuant to section 321.211, but only plaintiff's attorney appeared and discussed the matter informally with the officer who submitted no recommendation. Apparently no further administrative hearing was requested or held.

Before the suspension was to be effective plaintiff filed in the district court of Polk County a petition to review the order under section 321.215. This petition was heard by defendant-judge and its order denying relief is the one now before us for review on certiorari.

The petition alleges the order of suspension was arbitrary, capricious and without sufficient grounds or foundation; section 321.210, subsection 7, asserted basis for the order, is so ambiguous and vague it violates sections 9 and 10, Article I, Iowa Constitution and Amendment 14 to the Federal Constitution; the notice of suspension failed to disclose a serious violation of the motor vehicle laws, and the department's acts are contrary to section 321.212.

At the hearing on the petition the department offered a transcript of the proceedings before the commissioner and

plaintiff testified briefly. The entire hearing lasted only 25 minutes.

Plaintiff's petition in certiorari alleges defendant's order is illegal because the department did not lay a proper foundation for receiving in evidence the transcript of the proceedings before it; the record of plaintiff's conviction was inadmissible under Code section 321.489; parts of the transcript were irrelevant and immaterial; the department's order was not supported by substantial competent evidence; the department's failure to adopt and offer rules or regulations under chapter 17A as to what is a "serious violation"; plaintiff testified she did not appear before the police court that convicted her of speeding 97 miles per hour; the only issue in the speeding case was whether plaintiff exceeded the applicable speed limit.

It will be noticed the issues raised in the petition filed in district court are not clearly asserted here.

We find most of the claimed grounds of illegality are answered by our statutes or decisions, notably Danner v. Hass, 257 Iowa 654, 134 N.W.2d 534.

I. Plaintiff has the burden to show defendant acted illegally in one or more of the respects claimed. Rule 306, Rules of Civil Procedure; Berleen v. Iowa Dept. of Public Safety, 260 Iowa 699, 150 N.W.2d 593, 594; Mangan v. Department of Public Safety, 258 Iowa 359, 138 N.W.2d 922, 925. There is and can be no claim defendant exceeded its proper jurisdiction.

II. Section 321.210, subsection 7, under which the department acted, provides in pertinent part: "The department is hereby authorized to suspend the license * * * upon a showing *by its records or other sufficient evidence* that the licensee: * * * committed a serious violation of the motor vehicle laws of this state." (Emphasis added.)

Section 321.215, under which plaintiff filed her petition in district court, provides: "* * * thereupon the court shall hear and determine the matter as an original proceeding upon a transcript of all the proceedings before the commissioner, and upon additional evidence and other pleadings as the court may require. The decision of the court shall be final."

In view of contentions plaintiff makes, other statutory provisions may be referred to here. Section 321.207 states: "Every court having jurisdiction over offenses committed under this chapter, * * * other than parking regulations, regulating the operation of motor vehicles on highways, shall forward to the department a record of the conviction of any person in said court for a violation of any said laws, * * *."

Section 321.10 provides: "The commissioner and such officers of the department as he may designate are hereby authorized to prepare under the seal of the department * * * a certified copy of any record of the department * * * and every such certified copy shall be admissible in any proceeding in any court in like manner as the original thereof."

And section 622.43, in the chapter on evidence, states "Duly certified copies of all records and entries or papers belonging to any public office, or by authority of law filed to be kept therein, shall be evidence in all cases of equal credibility with the original record or papers so filed."

III. We find no illegality in the court's receipt in evidence of the transcript of the proceedings before the commissioner. Every paper included therein is duly certified under the seal of the department, by an officer thereof designated by the commissioner, as a true and correct copy of an instrument on file in the department.

Plaintiff's argument there is no evidence the instruments included in the transcript were on file when the commissioner suspended her license cannot be accepted. The "Record of Conviction" filed pursuant to 321.207, supra, shows the date of violation by plaintiff was October 30, 1965, and she was convicted on November 5. The notice of suspension was dated November 24. Both instruments are included in the transcript. We cannot assume they are incorrectly dated.

As stated, section 321.210, subsection 7, expressly provides the department may suspend a license "upon a showing by its records * * * that the licensee * * * committed a serious violation * * *."

"In the case at bar, the legislature has in effect provided that the transcript of the administrative proceedings shall be

admissible evidence." Danner v. Hass, supra, 257 Iowa 654, 667, 134 N.W.2d 534, 543.

Nothing in the testimony plaintiff offered in court shows any substantial inaccuracy in the contents of the transcript. Plaintiff testified she was stopped by an Iowa highway patrolman on October 30, 1965, on Interstate 80 near Iowa City and told she had been "clocked" going 97 miles an hour; she did not look at her speedometer but thought her speed was probably around 70; the traffic on 80 was the heaviest she had ever seen it; she went to the Iowa City police station and posted a cash bond of $26; she did not appear again in the case; the officer told her the hearing date was November 4; the next time she "heard anything about this" was when she received the notice of suspension from the department.

■ IV. We find without merit the contention that the portion of the transcript showing the record of conviction was inadmissible under section 321.489. This statute provides: "No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

■ It is not claimed this provision prevented the commissioner from considering the record of conviction in suspending plaintiff's license. Of course he is not a court and the proceeding before him was not a civil action but an administrative proceeding. Gottschalk v. Sueppel, 258 Iowa 1173, 1179, 1180, 140 N.W.2d 866, 870 and citations; Severson v. Sueppel, 260 Iowa 1169, 152 N.W.2d 281, 285.

Section 321.207, supra, required the Iowa City police court to forward to the department a record of plaintiff's conviction and it was received on November 12. If the commissioner may not consider such a record in deciding whether a license should be suspended the purpose of the statutory requirement is not apparent.

■ The essential issues raised by the petition filed under section 321.215, supra, and heard by defendant were whether the order of suspension was arbitrary and without sufficient foundation and the claimed unconstitutionality of section 321.-210, subsection 7, asserted basis for the order. This latter claim

is not seriously asserted here. In any event, the constitutionality of this statute is thoroughly considered and fully established in Danner v. Hass, supra.

In connection with the first of these stated issues, it would seem the legislature could not have intended section 321.489, supra, would prevent the court from considering the part of the transcript of proceedings before the commissioner containing the record of conviction. Section 321.215 contains no such exception. As stated, Danner v. Hass, supra, points out the legislature has in effect provided that such a transcript shall be admissible evidence at the hearing on an appeal under 321.-215. (At page 667 of 257 Iowa, page 543 of 134 N.W.2d)

It is also significant that section 321.491 contains a detailed requirement that a conviction or forfeiture of bail upon a charge of violating any provision of chapter 321 be reported to the department within ten days and the report shall be open to public inspection.

In the sense that the appeal to the court was not a criminal action it was of course civil. We think, however, it was a special proceeding rather than a civil action to which section 321.489 refers. Code sections 611.1, 611.2.

Proceedings to revoke or suspend a license to practice law are special proceedings as designated in these Code sections. Iowa State Bar Assn. Committee v. Kraschel, 260 Iowa 187, 193, 148 N.W.2d 621, 625 and citations; State v. Mosher, 128 Iowa 82, 89, 103 N.W. 105, 5 Ann. Cas. 984. Proceedings to revoke a physician's license to practice are also special proceedings. Bold v. Board of Medical Examiners, 133 Cal. App. 23, 23 P.2d 826, 827 and citations. Also proceedings to cancel a permit to sell liquor. Texas Liquor Control Board v. Jones, Tex. Civ. App., 112 S.W.2d 227, 229, 230 and citations. See also Danner v. Hass, supra, at page 658 of 257 Iowa, page 537 of 134 N.W.2d; Chambers v. District Court, 261 Iowa 31, 33, 152 N.W.2d 818, 820.

V. The transcript of the records before the commissioner contained a record of two other convictions of plaintiff, one for speeding 33 miles per hour in a 25-mile zone in 1961 and the other for speeding 34 miles an hour in a like zone in

1963. Receipt in evidence of the transcript was not rendered illegal, nor even prejudicial to plaintiff under the circumstances here, by the inclusion in it of these two records. See Mangan v. Department of Public Safety, supra, 258 Iowa 359, 138 N.W.2d 922, 925.

The notice to plaintiff from the department makes it clear the suspension was based on 321.210, subsection 7, which, as stated, authorizes such action for a serious violation of the motor-vehicle laws. The notice also expressly recites there was such a violation. As previously explained, plaintiff's petition alleges section 321.210 (7) was the asserted basis for the order and her brief here states there is little doubt it was the only basis therefor. Both the department and defendant-court evidently treated the record of these two lesser convictions as irrelevant and immaterial.

VI. The order under review may not be held illegal as not supported by substantial competent evidence. The record of plaintiff's conviction in Iowa City was competent evidence of a violation by her. That the department acted within its power and not in an arbitrary and capricious manner see Danner v. Hass, supra, at page 665 of 257 Iowa, page 541 of 134 N.W.2d, where plaintiff was speeding 91 miles an hour in a 70-mile zone. This from the opinion is applicable here: "High speed on the highways, 21 miles beyond the maximum permitted by law, and with several other vehicles on the same stretch of the road at the time, is in itself evidence of seriousness; at least to the point that a finding thereof by the authorized agency of the state cannot be said to be beyond its power, or to be arbitrary, capricious or unreasonable. * * * A violation may be serious although it causes no damage; it is its potentiality for harm by which it must be measured."

Plaintiff's argument the legislature did not intend any speed violation to be serious, regardless of the extent thereof, cannot be accepted. Nor does it follow, as plaintiff asserts, that if an excess speed of 22 miles per hour in unusually heavy traffic on an October Saturday afternoon is a serious violation, all speed violations are necessarily serious.

"It is not every violation which empowers the department to suspend his license; so far as we are concerned here,

it must, be a 'serious' one." Danner v. Hass, supra, at page 664 of 257 Iowa, page 541 of 134 N.W.2d.

As we have indicated, there was competent evidence before the department of plaintiff's speed at the time in question. The record of conviction received November 12 shows she was charged with violating section 321.285 on October 30 by speeding 97 miles per hour, in a 75-mile zone, convicted upon the charge, and fined $22. Plaintiff testified at the court hearing the arresting officer orally charged her with such a speed.

The court was under no duty to require the department to prove the charge against plaintiff by evidence wholly outside the transcript of the administrative proceedings. As pointed out in Division III, supra, the statutes provide in effect that the transcript of such proceedings shall be admissible evidence on a hearing under 321.215.

There is nothing to show lack of compliance with this requirement of section 321.291: "In every charge of violation of sections 321.285 to 321.287, inclusive, the information, also the notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed limit applicable * * *."

Section 321.491 requires the report of the conviction or forfeiture of bail upon a charge of violating chapter 321 to include the nature of the offense.

In view of these statutory requirements it cannot be said, as plaintiff argues, the only issue in the police court was whether she violated the applicable speed limit and the speed she was driving, if in excess of the limit, must be disregarded.

VII. Plaintiff's testimony at the hearing before defendant that her only appearance in police court at Iowa City was to post cash bail of $26 does not render the order under review illegal. We need not determine whether the record of conviction may be impeached in this manner in a hearing on a petition under section 321.215. If we assume, without so deciding, there was a forfeiture of bail rather than a technical conviction in police court, section 321.208 states: "Also for the purposes of this chapter a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which for-

feiture has not been vacated, shall be equivalent to a conviction."

It is not suggested any forfeiture of bail here was vacated.

VIII. There remains plaintiff's claim of illegality, on the ground of the department's alleged failure to promulgate in advance rules and regulations as to what is a serious violation under 321.210 (7). We are told 321.210 and chapter 17A require the department to promulgate such rules and regulations. In this we think plaintiff is mistaken.

Section 321.210 is too long to quote in full here. Division II, supra, quotes the pertinent part of 321.210 (7) regarding a serious violation as a ground of license suspension. The only portion of the entire section bearing on the claim now considered is this from the unnumbered paragraph following paragraph 7: "For the purpose of determining when to suspend a license under this section the commissioner *may*, in accordance with the provisions of chapter 17A, promulgate a point system for the purpose of weighing traffic convictions, or offenses by their seriousness * * *." (Emphasis added.)

Section 321.4 contains a somewhat similar provision. Like the provision just quoted, 321.4 places no mandatory duty upon the department.

Chapter 17A contains general provisions regarding administrative rules and regulations. Nothing in it requires the department of public safety to promulgate rules and regulations that would be applicable here.

In support of her claim that the suspension of her license was illegal without the prior promulgation of rules and regulations by the department, plaintiff argues there must be definite standards as to what is a serious violation to the end that arbitrary action may not be permitted. Substantially the same argument is fully considered and rejected in Danner v. Hass, supra, 257 Iowa 654, 661–664, 134 N.W.2d 534, 539–541. The holding is that the statutory language, "a serious violation", is a sufficient standard to permit the department to use its discretion and judgment. "However, the trend of authority is to uphold a considerable vesting of discretion in the department for the purpose of promoting the public safety."

State v. Rivera, 260 Iowa 320, 323, 149 N.W.2d 127, 129,

repeats this quotation with approval. See also Board of Education v. Board of Education, 260 Iowa 217, 149 N.W.2d 187; Anderson v. Commissioner of Highways, 267 Minn. 308, 126 N.W.2d 778, 9 A.L.R.3d 746 and citations and annotation, 756.

After consideration of all contentions presented—The writ of certiorari is annulled; the order of defendant-court is sustained.

All JUSTICES concur.