**Dennis Ray CROW, Plaintiff,**

**v.**

**Clinton E. SHAEFFER, Judge of the Eighth Judicial District of Iowa, Defendant.**

**No. 54858.**

Supreme Court of Iowa.

June 29, 1972.

John C. Platt, Cedar Rapids, for plaintiff.

Richard C. Turner, Atty. Gen., and Walter E. Schroeder, Asst. Atty. Gen., for defendant.

MOORE, Chief Justice.

Certiorari to review order of defendant-court affirming 60-day suspension of plaintiff's driver's license by the state department of public safety for a "serious violation." We annul the writ and sustain the order.

As pertinent here Code section 321.210 provides:

"The department is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

*   *   *   *   *   *

"2. Is an habitually reckless or negligent driver of a motor vehicle.

*   *   *   *   *   *

"7. Has committed a serious violation of the motor vehicle laws of this state."

The records of the department, which were admitted in the trial court without objection, show plaintiff, Dennis Ray Crow, was arrested for reckless driving in Blairstown on Christmas Eve, 1970 to which he entered a plea of guilty in the mayor's court on December 29, 1970. He was fined $100 which he paid.

As required by Code section 321.207 the magistrate certified the record of plaintiff's conviction to the department. His suspension recommendation included: "This arrest was made at 9:05 P.M., Christmas Eve for making numerous circles in a two block area of downtown Blairstown, nearly hitting some parked cars * * * ."

On January 7, 1971 the department ordered a 60-day suspension of plaintiff's driving privileges under section 321.210(7) for a serious violation.

On appeal to district court plaintiff asserted the evidence was insufficient to establish a serious violation. After hearing the arresting officer's testimony and that of plaintiff the trial court found plaintiff's behavior in "spinning, whipping, whirling trip up the hill for several blocks on the main street of Blairstown, Iowa, on Christmas Eve, 1970 * * * was indeed a serious violation of the motor vehicle laws and that defendant was fully justified in taking the action to suspend plaintiff's driving privileges."

On certiorari here plaintiff does not pursue his contention of no serious violation but contends defendant judge acted illegally. He argues that under section 321.210 the department may suspend driver's license only for reckless driving that is habitual and is therefore precluded from suspending a license for a serious violation when there has been only one conviction for reckless driving. Obviously plaintiff assumes his license was suspended because of one conviction for reckless driving. This is not the record. His license was suspended because he committed a serious violation of the motor vehicle laws.

Consideration of section 321.210(7)—serious violation—is not new to this court. We approve its constitutionality and recognize the department's authority thereunder in Richard v. Holliday, 261 Iowa 181, 153 N.W.2d 473; Danner v. Hass, 257 Iowa 654, 134 N.W.2d 534. In each we held speeding under the evidence was a serious violation and upheld license suspension.

The alleged conflict between subsections 2 and 7 now asserted by plaintiff was not

raised in Richard and Danner. In reality, plaintiff asks us to hold a single incident of reckless driving can not be a serious violation regardless of the other facts shown. We decline to so construe the statute.

 These rules of statutory construction are well established. The court must, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. In discovering such intent we consider the language used, the objects to be accomplished, the evils and mischief sought to be remedied, and place a reasonable construction on the statute which will best effect its purpose rather than one which will defeat it. Isaacson v. Iowa State Tax Commission, Iowa, 183 N.W.2d 693, 695; Mallory v. Paradise, Iowa, 173 N.W.2d 264, 266–268, and citations in each. See also Code section 4.1 as amended by chapter 77, Acts 64th General Assembly, First Regular Session.

In Goergen v. State Tax Commission, Iowa, 165 N.W.2d 782, 785, 786, we say: "It is a settled rule of statutory construction that in determining the meaning of a statute all provisions thereof and the Act of which it is a part must be considered. (Citations). * * * the legislature will be presumed to have inserted every part thereof for a purpose, and to have intended that every part of the statute should be carried into effect. (Citations)."

Code section 321.209 requires mandatory revocation of driver's license when conviction of any of the eight enumerated offenses result in a final conviction. In section 321.210 the legislature authorizes department suspension based "upon a showing by its records or other sufficient evidence" of any of the seven enumerated grounds.

Code chapter 321 establishes the laws of the road and is designed to promote safety upon the highways. The purpose of section 321.210 is to remove from the highways those drivers who have endangered life and property. Plaintiff's interpretation thereof would indeed render subsection 7 meaningless. It would defeat the purpose and obvious intention of the legislature.

Plaintiff has the burden to show defendant acted illegally in the respect claimed. Rule 306, Rules of Civil Procedure; Sueppel v. Eads, 261 Iowa 923, 926, 156 N.W.2d 115, 117, and citations. Plaintiff makes no claim defendant exceeded its jurisdiction. Plaintiff has failed to meet his burden of proof.

The writ of certiorari is annulled. The order of defendant-court is sustained.

All Justices concur, except McCORMICK, J., who takes no part.