**Donald Milton FERGUSON, Appellant,**

**v.**

**C. F. STILWILL, as Judge of the District Court of Iowa in and for Ida County, Appellee.**

**No. 2–56467.**

Supreme Court of Iowa.

Dec. 18, 1974.

Morris C. Hurd, Ida Grove, for appellant.

Richard C. Turner, Atty. Gen., and Peter E. Voorhees, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Donald Milton Ferguson (plaintiff) was notified his Iowa drivers license would be suspended for a conviction in Illinois of operating a motor vehicle while under the influence of intoxicating liquor. Following an administrative hearing plaintiff brought a statutory appeal in Ida County district court under § 321.215, The Code. He appeals to us from a ruling upholding the suspension. We affirm.

On November 21, 1972 at 9:55 p. m. plaintiff was stopped while driving his car in Danville, Illinois. He was told by the officer who stopped him he was driving too slowly and with his bright lights on. Plaintiff submitted two breath specimens which showed a blood alcohol level of .18 per cent and .17 per cent.[1] He was arrested, taken to jail and later released on bond.

According to plaintiff he appeared in magistrate court the following day. When asked if he had a little "Thanksgiving cheer" the night before plaintiff replied he had "a couple of drinks." The magistrate immediately assessed a $100 fine against him and taxed $15 court costs. Plaintiff maintained at hearing below he did not enter any plea and insisted he had no idea he was charged with driving while under the influence of intoxicating liquor. The State introduced documents indicating plaintiff entered a plea of guilty to the charge.

Under § 321.205 and § 321.210(6), The Code, the Iowa department of public safety is required to suspend or revoke an Iowa drivers license upon receiving notice of a conviction in another state of an offense which, if committed in Iowa, would be grounds for suspension or revocation.

Plaintiff challenges his suspension in this appeal on the ground there was no proper certification of the Illinois conviction.

Plaintiff's appeal fails on two grounds. He failed to object to the certification when

---

1. We believe the testimony to signify eighteen one-hundredths of one per centum and seventeen one-hundredths of one per centum by weight of alcohol in his blood.

it was offered at the administrative hearings. And we believe the certification was adequate.

■ I. Plaintiff did not object to the certification of his Illinois conviction when it was offered at the administrative hearing. Although trial of the appeal in district court was "original" it proceeded from the transcript of the administrative hearing. The scope of such a hearing was explained in Richard v. Holliday, 261 Iowa 181, 153 N.W.2d 473. Referring to the court of record conducting such a review we held:

"The court was under no duty to require the department to prove the charge against plaintiff by evidence wholly outside the transcript of administrative proceedings. As pointed out * * *, supra, the statutes provide in effect that the transcript of such proceedings shall be admissible evidence on a hearing under 321.215." 261 Iowa at 190, 153 N.W.2d at 478.

■ It was incumbent upon plaintiff to object to the certification when it was first offered at the administrative hearing. The department had a right to rely upon the record made at the hearing and upon the fact plaintiff did not object to the admission of the certificate. Generally evidence introduced without objection cannot later be complained of. In Castner v. Wright, 256 Iowa 638, 652, 127 N.W.2d 583, 591, 128 N.W.2d 885, we said: "A party cannot ordinarily complain of the receipt of evidence to which no timely objection was made, at least without a reasonable excuse for not objecting. * * *. (Authorities)."

We also note that if plaintiff had proceeded by petitioning for writ of certiorari it is doubtful whether we could consider the question of whether the Illinois notice was a legal appearing form. To do so would constitute determination of an essentially factual dispute. This we declined to do in Grant v. Fritz, 201 N.W.2d 188, 199 (Iowa 1972). See 33 Iowa L.Rev. 377, 388.

■ II. In any event the certificate was adequate to call for application of § 321.205.

We have said any legal appearing form of certification from another state to Iowa or to any other state which in fact informs of the conviction in another state is sufficient. Shaw v. Department of Public Safety, 257 Iowa 30, 33, 131 N.W.2d 261, 263. The certificate received in evidence below qualifies under this test.

Plaintiff complains of the certificate on a separate ground. The certificate was entitled "order of revocation." Plaintiff's name, address and the dates of his arrest, conviction and the appropriate Illinois statute appear. The instrument provides for attestation by the Illinois secretary of state. In the space provided for the signature of that official it appears the signature of "Michael J. Howlett" was pasted over another signature which was thus rendered illegible.

It is not unknown to employ such a practice in order to utilize forms left on hand by a previous public official. A public official may validate a certificate by his signature in a number of ways.

■ "In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another." 80 C.J.S. Signatures § 7, pages 1292–1293.

Plaintiff does not dispute Michael J. Howlett was the secretary of state on the date of the order of revocation, May 28, 1973.

We believe the signature was sufficient when pasted to this document in the absence of some showing the act of pasting was not authorized. We make no determination as to the adequacy of such a signature for private instruments.

Plaintiff's contention the certification was inadequate or improper is without merit.

Affirmed.