**Paul Richard ROZINEK, Shane Michael Feeney, and Timothy Harry Gerber, Appellees,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.**

No. 85–1602.

Supreme Court of Iowa.

July 23, 1986.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

An Iowa statute provides for revocation of driver's licenses for various offenses, including operating while intoxicated. Under another provision temporary restricted driving permits may be issued to those whose licenses have been revoked, with special language relating to those under nineteen years of age. The question here involves applications for restricted permits by persons over nineteen years of age. The defendant department believes the statute does not authorize issuance of such a permit to persons more than nineteen years of age. We agree.

■ Petitioners are all more than nineteen years of age. Each was arrested for operating a motor vehicle while intoxicated, consented to chemical testing, and failed. Rozinek and Feeney pled guilty and Gerber was convicted by a jury. Their drivers' licenses were revoked pursuant to Iowa Code section 321.209(2) (1985) which provides:

> The department shall forthwith revoke the license of any operator or chauffeur, or driving privilege, upon receiving a record of such operator's or chauffeur's conviction of any of the following offenses, when such conviction has become final:
>
> . . . .
>
> 2. Operating a motor vehicle in violation of section 321.281 by a person whose driver's license has not been revoked under chapter 321B for the occurrence from which the arrest arose.

Both before and after they had been found guilty each petitioner requested and was denied an administrative hearing to contest his revocation.

Petitioners thereafter brought this proceeding for judicial review. *See* Iowa Code § 17A.19. The thrust of petitioners' claims on judicial review was that they were entitled to the hearings which had been denied, a claim rejected by the district court. The determination was correct. *See Berleen v. Iowa Department of Public Safety*, 260 Iowa 699, 701, 150 N.W.2d 593, 594 (1967).

The district court however went further and held that the department possessed authority under Iowa Code subsection 321.281(11) to issue temporary restricted driver's permits to the petitioners. The court directed the department to consider issuing them. The only issue on appeal is the department's contention that it holds no such authority.

Subsection 321.281(11) provides:

If a defendant is convicted of a first offense of this section and the defendant's license or permit to operate a motor vehicle is revoked under section 321.209 or chapter 321B for the occurrence from which the arrest arose, the period of revocation shall be the period provided for such a revocation or until the defendant reaches the age of nineteen whichever period is longer. A person whose license to operate a motor vehicle is revoked pursuant to this subsection may be issued a temporary restricted driving permit by the department allowing the person to drive to and from the person's home and place of employment and in the course of the person's employment and to attend evaluation, treatment or educational services for alcohol or drug dependency.

Fundamental principles of statutory construction were summarized in *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983), and need not be quoted here. We think the department is on firm ground in urging the temporary restricted permit provision is a mere appendage to special legislation aimed at youthful drivers.

The thrust of subsection 321.281(11) is to target convicted drivers nineteen years of age and younger for a suspension that would probably be longer than one imposed on older drivers under section 321.209(2) (previously quoted). The younger driver suspensions, under the provision, are for not less than the regular period but would extend until their nineteenth birthdays. The two sentences in the subsection were added by 1984 Iowa Acts chapter 1292. The second, the one at issue here, provides for the temporary permits but only as a part of the special treatment accorded the younger drivers.

This interpretation is borne out by the preamble to the Act. The preamble is to be considered in interpreting the statute. *In re Marriage of Cernetisch*, 376 N.W.2d 598, 600 n. 3 (Iowa 1985); Iowa Code § 4.6(7). Addressing the new subsection 321.281(11) the preamble stated:

AN ACT relating to the offense of operating a motor vehicle while intoxicated ... by providing a special revocation period for persons age nineteen or under ....

1984 Iowa Acts ch. 1292.

We agree with the district court's conclusion that the petitioners were not entitled to hearings on their revocations. We however conclude that the district court erred in holding that subsection 321.281(11) authorizes the department to issue temporary restricted licenses to persons over nineteen years of age. The case must be remanded for entry of a judgment in conformance with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.