**John WADDELL, Member of the Davenport Board of Adjustment, Appellant,**

v.

**Charles BROOKE, Mayor, and The City of Davenport, Appellees.**

No. 03–0570.

Supreme Court of Iowa.

June 16, 2004.

Gary K. Koos and Michael J. Meloy, Bettendorf, for appellant.

Thomas D. Warner, Assistant City Attorney, Davenport, for appellees.

WIGGINS, Justice.

This appeal involves a decision by Charles Brooke (Brooke), as mayor of the City of Davenport (City), to remove John Waddell (Waddell) from the Davenport Board of Adjustment (Board). Waddell was removed from the Board after a public hearing before the Davenport City Council. Waddell petitioned the district court for a writ of certiorari challenging his removal. The district court denied Waddell's request for relief. Waddell appeals the district court's decision, claiming Brooke and the city council illegally removed him from the Board. Finding Waddell's claims without merit, we affirm the district court's judgment.

## I. Background Facts and Proceedings.

Waddell was originally appointed to the Board in 1986 by the then-mayor, Mayor Hart. Although there were years when he did not serve on the Board, he was most recently appointed to the Board by Mayor Yerington in August 1999. Each appointment was confirmed by the city council. Waddell and Brooke ran in a contested primary for the office of mayor of the City of Davenport in 2001. Brooke was eventually elected mayor.

On or around the first day Brooke took office, January 4, 2002, Brooke sent a letter to Waddell asking Waddell to provide Brooke a written explanation regarding certain allegations made against Waddell involving Waddell's fitness to continue to serve on the Board. Waddell did not respond to the allegations contained in the letter. Again, on February 6, Brooke sent a letter to Waddell requesting a response be made to the accusations against Waddell at Waddell's "earliest opportunity." Waddell did not respond to either letter.

Having received no response from Waddell to his two inquiries, Brooke asked the mayor pro tem to conduct an independent investigation into the matter. On March 18, 2002, the mayor pro tem reported back to Brooke by letter and informed Brooke her investigation concluded Waddell's removal from the Board was warranted. The mayor pro tem cited Waddell's refusal to answer the allegations contained in Brooke's January letter to Waddell as insubordinate behavior.

On March 20, Brooke sent Waddell a certified letter removing him from the Board. The letter stated Waddell's failure to respond to Brooke's inquiries in January and February was insubordinate behavior and a violation of his duties as a Board member. In the March 20 letter, Brooke acknowledged he did not conduct an investigation to determine the veracity of the allegations contained in the January letter. The March 20 letter also informed Waddell he was entitled to a public hearing pursuant to Iowa Code section 414.8 (2001) and the hearing would be conducted by the city council under section 372.15. The letter concluded by informing Waddell if he failed to request a hearing within 30 days of the date of the letter, then his removal would be effective April 25.

Waddell did not request a hearing, but instead filed a petition for writ of certiorari on April 19. Waddell requested a certified return be made by Brooke and the City to all proceedings relating to Brooke's attempts to remove Waddell. Waddell also

requested his removal from the Board be stayed pending the outcome of the case; that the district court declare Brooke and the City exceeded their jurisdiction or acted illegally; and that Brooke and the City pay Waddell's attorney fees. Brooke and the City filed their return to the writ on May 17. On that same day after notice and hearing, the district court reinstated Waddell to the Board pending the outcome of a public hearing as required by Iowa Code section 414.8.

On May 22, Brooke filed his specification of charges with the city clerk and set the public hearing before the city council for May 30. The specification of charges was sent to Waddell and his attorney. On May 28, an agenda and order of proceedings were prepared. At the hearing, Waddell presented evidence to refute the allegations made by Brooke in the original letter he received from Brooke. Waddell also took the position at the hearing he was not insubordinate for failing to respond to Brooke's letters because he was not required to respond to the letters until a hearing was held on the allegations. At the conclusion of the public hearing, Brooke reaffirmed his decision to remove Waddell from the Board for insubordination for failing to respond to Brooke's initial inquiries. The city council confirmed Brooke's decision.

After the council meeting, Waddell filed an amendment to his petition for writ of certiorari. He added an additional count alleging additional reasons why his removal was illegal. Brooke and the City returned a supplemental writ to the district court.

After a hearing, the district court concluded it had no subject matter jurisdiction to decide the issue of whether Waddell's failure to respond to the Mayor's letters constituted "cause" under section 414.8. Further, the district court concluded there was no authorization for any court to review Brooke's decision in this case to remove Waddell from the Board. The district court did note even if it did have subject matter jurisdiction, there was sufficient cause to remove Waddell from the Board. Waddell appeals.

## II. Issues.

Waddell raises several issues on appeal: (1) whether the district court had subject matter jurisdiction to review Waddell's removal from the Board; (2) whether Brooke had the authority to remove Waddell from the Board; (3) whether Waddell's removal was illegal because Brooke made his termination decision seventy days before the hearing; and (4) whether Waddell's failure to respond to Brooke's letters was insubordination and therefore, grounds for removal.

Brooke and the City contend on appeal that Waddell did not request a hearing as required by Iowa Code section 372.15; thus, Waddell failed to exhaust his remedies, denying the district court authority to hear Waddell's certiorari action.

## III. Scope of Review.

A writ of certiorari lies where an inferior tribunal, board, or official, exercising judicial functions, has exceeded its proper jurisdiction or otherwise acted illegally. Iowa R. Civ. P. 1.1401. In a certiorari action, the person seeking the writ has the burden of showing the inferior tribunal, board, or official exceeded its jurisdiction or otherwise acted illegally. *Berleen v. Iowa Dep't of Pub. Safety*, 260 Iowa 699, 701, 150 N.W.2d 593, 594 (1967). The court's function is not to review findings of fact by a lower tribunal, board, or officer having jurisdiction of the matter if sustained by any competent and substantial evidence, unless it otherwise acted illegally. *Wood v. Iowa State Commerce*

*Comm'n*, 253 Iowa 797, 801–02, 113 N.W.2d 710, 712 (1962). The findings of fact of the lower tribunal, board, or officer are binding if supported by substantial evidence. *Id.* Our review of a district court's judgment in a certiorari proceeding is therefore for correction of errors at law. *Sergeant Bluff–Luton Sch. Dist. v. City Council of Sioux City*, 605 N.W.2d 294, 297 (Iowa 2000).

### IV. Did Waddell Fail to Exhaust His Remedies?

In his letter removing Waddell from the Board, Brooke stated he was removing Waddell from the Board for cause. The cause for removing Waddell was his insubordination based on his failure to respond to Brooke's inquiries. The letter also notified Waddell of his right to a hearing. It stated:

> Pursuant to Iowa Code section 414.8 you are entitled to a public hearing. If you do not want a public hearing, you may waive that right either by so advising me or doing nothing. Under Iowa Code section 372.15 you may request a public hearing before the City Council if you file a request with the City Clerk within 30 days of the mailing of this letter to you. If you fail to request a hearing, the removal will be effective on April 25, 2002. If you do request a hearing, one will be scheduled and you will be notified.

Waddell did not request a hearing as provided for in the letter removing him from the Board. Instead, Waddell filed his certiorari action with the district court asking the court to stay his removal pending a public hearing. The district court granted Waddell's request for the stay. Brooke and the City contend Waddell was not entitled to a hearing because Waddell never requested one pursuant to the letter of removal and Iowa Code section 372.15.

Section 372.15 provides:

Except as otherwise provided by state or city law, all persons appointed to city office may be removed by the officer or body making the appointment, but every such removal shall be by written order. The order shall give the reasons, be filed in the office of the city clerk, and a copy shall be sent by certified mail to the person removed who, upon request filed with the clerk within thirty days of the date of mailing the copy, shall be granted a public hearing before the council on all issues connected with the removal. The hearing shall be held within thirty days of the date the request is filed, unless the person removed requests a later date.

Iowa Code § 372.15. A removal from office under this section does not require that the removal be for cause. *Bennett v. City of Redfield*, 446 N.W.2d 467, 473 (Iowa 1989). Section 414.8 provides in relevant part: "Members [of the board of adjustment] shall be removable for cause by the appointing authority upon written charges and after public hearing." Iowa Code § 414.8.

Brooke chose to remove Waddell from the Board for cause. Section 414.8 is applicable to Waddell's removal from the Board. It specifically deals with the procedure to remove a member from the board of adjustment for cause. Section 414.8 requires a public hearing prior to removal. Waddell was not required to request a hearing to exhaust his remedies prior to the filing of his certiorari action. If Waddell did not want a public hearing, he could have resigned or consented to his removal, thereby waiving his right to a public hearing. The district court was correct in staying Waddell's removal pending a public hearing.

## V. Did the District Court Have Subject Matter Jurisdiction to Review Waddell's Removal from the Board by Brooke?

■ The district court concluded it lacked subject matter jurisdiction, which is the power to hear cases of this type, because Brooke's removal of Waddell was pursuant to his executive function as mayor. Waddell argues, however, that the hearing was quasi-judicial in nature and it affected Waddell's substantial rights. Therefore, he asserts the district court had jurisdiction to review Brooke's and the City's action by writ of certiorari.

■■ "A writ of certiorari shall only be granted . . . where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded proper jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1401. One test articulated by our court to determine whether a tribunal is exercising a quasi-judicial function is whether "the questioned act involves a proceeding in which notice and opportunity to be heard are required;" or whether a "determination of rights of parties is made which requires the exercise of discretion in finding facts and applying the law thereto." *Buechele v. Ray,* 219 N.W.2d 679, 681 (Iowa 1974). Another test articulated by our court to determine if certiorari will lie is when an action is brought by "an incumbent of an office to review proceedings which he apprehends may be used unlawfully to disturb him in enjoyment of his office." *Massey v. City Council of the City of Des Moines,* 239 Iowa 527, 533, 31 N.W.2d 875, 879 (1948).

The mechanism used by Brooke in the March 20 letter to remove Waddell from the Board relied on Iowa Code sections 372.15 and 414.8. Both sections of the Code require some form of notice and hearing before Waddell's termination by Brooke became final. Iowa Code §§ 372.15, 414.8.

The notice and hearing requirements make the proceeding a quasi-judicial function and subject to review by certiorari. *Buechele,* 219 N.W.2d at 681. Additionally, Waddell is contesting his removal from office. This is clearly reviewable by a certiorari action under our holding in *Massey.* 239 Iowa at 533, 31 N.W.2d at 879. Therefore, under either test the district court had subject matter jurisdiction to hear Waddell's certiorari action.

## VI. Did Brooke Have the Authority to Remove Waddell from the Board?

■ The power to remove Waddell from the Board rests with the appointing authority. Iowa Code § 414.8. By statute "[t]he council shall provide for the appointment of a board of adjustment. . . ." Iowa Code § 414.7. Section 17.52.010 of the Davenport Municipal Code provides:

A board of adjustment is established, which shall consist of five members. The word "board," when used in this chapter, means the board of adjustment. All members of the board shall be legal residents of the City of Davenport. The terms of office of the members of the board of adjustment and the manner of their appointment shall be provided by statute.

Davenport Mun.Code § 17.52.010 (2002). Section 414.8 of the Iowa Code provides for the term of the Board members. As for the actual appointment of the members, section 2.30.070(19) of the Davenport Municipal Code provides:

City Administrator—Powers and Duties Generally.

19. Power to appoint or employ persons to fill all places for which no other mode of appointment is provided, and power to administer oaths of office. *The mayor shall continue to appoint all*

*members to all boards, commissions and agencies to which he presently makes appointments.*

Davenport Mun.Code § 2.30.070(19) (emphasis added).

The record made at the public hearing before the city council was undisputed that the mayor has always been responsible for the appointment of the members to the Board, with city council confirmation. The city council's authority to confirm a Board member does not make the council the appointing authority. *LaPeters v. City of Cedar Rapids*, 263 N.W.2d 734, 737 (Iowa 1978). The mayor is the appointing authority. *Id.* Brooke as mayor had the statutory authority to remove Waddell from the Board upon written charges and after a public hearing. Iowa Code § 414.8.

### VII. Was Waddell's Removal Illegal Because Brooke Made His Termination Decision Seventy Days before the Hearing?

The procedure under section 414.8 allows the appointing authority to remove a member from the board of adjustment for cause upon written charges and after a public hearing. Iowa Code § 414.8. By necessity, Brooke, as the appointing authority, had to make the decision to remove Waddell prior to the public hearing. Therefore, Brooke's decision to remove Waddell seventy days before the hearing was not illegal. Waddell was not prejudiced by Brooke's decision because section 414.8 allowed Waddell to continue to hold his office pending the public hearing. *Id.*

### VIII. Was Waddell's Failure to Respond to Brooke's Letters Insubordination and Therefore, Grounds for Removal?

Waddell contends he did not have to respond to the allegations contained in Brooke's January 4 letter; thus, he was not insubordinate and there were no grounds to remove him from the Board. At the public hearing before the city council, Brooke reaffirmed his position that Waddell's failure to respond was insubordination and cause to remove Waddell from the Board. The city council confirmed Brooke's action with five "yes" votes, two "no" votes, and one abstention. We can overturn the city council's decision only if it is not supported by substantial evidence. *Wood*, 253 Iowa at 801–02, 113 N.W.2d at 712. If the reasonableness of the city council's action is open to a fair difference of opinion, the court may not substitute its decision for that of the council. *W & G McKinney Farms, L.P. v. Dallas County Bd. of Adjustment*, 674 N.W.2d 99, 103 (Iowa 2004).

The mayor is the chief executive officer of the city and unless the mayor's supervisory powers have been delegated to the city manager, the mayor shall supervise all city officers and departments. Iowa Code § 372.14(1). In Davenport the city administrator position is equivalent to a city manager. Davenport Mun.Code § 2.30.070. By city code, the city administrator only has authority to supervise and direct the conduct of city officers who are appointed by the city administrator. *Id.* § 2.30.070(17). Waddell was not appointed by the city administrator. Consistent with the Iowa Code, the Davenport Municipal Code gives the mayor general supervision over all city officers, not under the supervision of the city administrator. Davenport Mun.Code § 2.06.040.

If Waddell was a city officer, Brooke had the authority to supervise Waddell. Although we have found a zoning inspector to be a city officer, we have not yet answered the question whether a member of the board of adjustment is a city officer. *See State v. Taylor*, 260 Iowa

634, 641, 144 N.W.2d 289, 293 (1966). To determine if a person holds public office, we examine five indispensable elements. *Hegeman v. Kelch*, 666 N.W.2d 531, 534 (Iowa 2003). They are: (1) the office must be created by the constitution or authorized by the legislature by statute; (2) part of the sovereign power of the government must be delegated to the position; (3) the duties and powers of the office must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties of the office must be performed autonomously and without control of a superior power other than the law; and (5) the office must have some permanency, and not be only temporary. *Id.*

Applying these elements to Waddell, we note his position was authorized by the Iowa Code. Iowa Code § 414.8. The legislature delegated the power to him as a member of the Board to hear and decide appeals from decisions made by zoning officials, to hear and decide special exceptions to ordinances, and to authorize variances from the terms of an ordinance. *Id.* § 414.12. These duties are directly defined by statute. *Id.* The decisions of the Board, except those authorizing a variance from the terms of an ordinance, are not subject to review by any city entity but only by petition for certiorari to the district court. *Id.* §§ 414.7, .15. Finally, the term of the office is permanent and set by statute. *Id.* § 414.8. Thus, Waddell, as a duly appointed member of the Board, was a city officer and subject to the supervision of Brooke.

▮ At the public hearing, the council agreed that Brooke in his supervisory capacity over city officers had the right and authority to request an explanation from Waddell concerning the matters contained in Brooke's January 4 letter. The council agreed Brooke had a right in his February 6 letter to ask Waddell to respond to the January 4 letter. The council concluded Waddell's failure to respond to the letters or give Brooke an explanation for his failure to respond supports the removal of Waddell from the Board on the basis of insubordination. At the public hearing, the council considered Waddell's reasons as to why he did not respond to Brooke's letters. Although there may be some merit to Waddell's arguments, the court may not substitute its decision for that of the city council. Substantial evidence supports the decision to remove Waddell from the Board.

## IX. Disposition.

In sum, we conclude the district court had subject matter jurisdiction and the authority to hear Waddell's appeal. We find no basis for reversing Brooke's decision, which was confirmed by the city council, to remove Waddell from the Board. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**