# IN THE COURT OF APPEALS OF IOWA

No. 4-043 / 13-0290
Filed April 16, 2014

**TERRY L. SCHMIDT,**
        Petitioner-Appellee,

**vs.**

**CITY OF SIOUX CITY,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

The City of Sioux City appeals from the district court order sustaining writs of certiorari in favor of Terry Schmidt. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

Connie E. Antsey, Assistant City Attorney, Sioux City, for appellant.

Dennis M. McElwain of Smith & McElwain Law Office, Sioux City, for appellee.

Considered by Potterfield, P.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

The City of Sioux City appeals from the district court order sustaining writs of certiorari in favor of Terry Schmidt on his claim the city acted illegally in refusing to pay medical expenses for treatment of injuries he incurred while employed by the city as a firefighter, as required under Iowa Code section 411.15 (2013).[1] The city alleges the district court acted beyond the scope of its authority in ordering payment of the medical expenses. In the alternative, it argues substantial evidence supports its denial of benefits because Schmidt's medical expenses are not related to the injury he suffered while employed by the city. Because we agree the district court's order went beyond its authority, we reverse in part and remand with directions.

**I. Background Facts and Proceedings.**

Schmidt was a captain of the Sioux City Fire Department. In 1995, he developed a heart condition. He applied and was approved for disability retirement under Iowa Code chapter 411 due to "coronary artery disease" and retired in August 1996.

By March 2008 Schmidt had developed pain in his legs. He was diagnosed as having "disabling claudication." Schmidt underwent an angioplasty, with stenting of his common iliac arteries. Pursuant to section 411.15, which requires cities to provide medical care for firefighters who incur injury or disease in the performance of their duties, the city paid medical expenses associated with this evaluation and treatment.

---

[1] No substantive difference exists in the relevant current code sections and those in force at the time the action arose. Therefore, all references are to the 2013 Iowa Code.

In 2009 Schmidt suffered a stroke in his left parietal lobe. He submitted his related medical bills to the city for payment pursuant to section 411.15. The city, acting by its risk manager, reviewed the medical records related to Schmidt's stroke and treatment. It obtained an independent review of Schmidt's medical records by Dr. Jeff Luther, who opined that Schmidt's coronary artery disease was not the cause of his stroke. The city also contacted a staff member at Iowa's Fire and Police Retirement System, who opined that a stroke is not a "heart disease." The city denied Schmidt's claim. In doing so it did not seek or obtain opinions from Schmidt's treating physicians as to the cause of the stroke, nor did it offer Schmidt an opportunity to respond to Dr. Luther's opinion. Schmidt filed a petition for a writ of certiorari in October 2009, challenging the denial.

By August 2011, with the first certiorari action still pending, Schmidt had again developed pain in his legs. Test results suggested in-stent restenosis. Schmidt underwent angiography. The stent on the right was successfully dilated. The stent on the left and the left iliac artery were found to be totally occluded. Schmidt was referred for further evaluation and possible surgical intervention.

Schmidt submitted his new medical bills to the city for payment. The city denied payment. The denial was based on the risk manager's review of Schmidt's 1996 disability evaluation by the University of Iowa Hospitals and Clinics, the prior opinion from Dr. Luther, and the earlier opinion from the Fire and Police Retirement System. The city again did not seek or obtain opinions from Schmidt's treating physicians or offer Schmidt an opportunity to present

additional evidence.  In September 2011 Schmidt filed a second petition for a writ of certiorari.

The parties agreed to consolidate the actions for hearing, and on January 28, 2013, the district court entered its order.  The court concluded the city's failure to utilize a procedure to allow Schmidt to present information or evidence violated his due process rights.  It further held the city acted arbitrarily in not providing Schmidt with substantive and procedural due process, in unilaterally basing its determination on Dr. Luther's opinion, and in ignoring "the far more credible evidence made available by the Petitioner in the form of his treating physicians' opinions as to the causal relationship between coronary artery disease and the medical treatment provided the Petitioner."  It ordered the city to pay Schmidt's medical expenses.

**II. Scope of Review.**

On appeal from a district court's judgment in a certiorari proceeding, our review is limited to the correction of errors at law.  *O'Malley v. Gundermann*, 618 N.W.2d 286, 290 (Iowa 2000).

**III. Analysis.**

A writ of certiorari lies where an inferior tribunal, board, or official exceeded its proper jurisdiction in exercising its judicial functions or otherwise acted illegally.  *Waddell v. Brooke*, 684 N.W.2d 185, 189 (Iowa 2004).  The party seeking the writ has the burden of proof.  *Id.*  "The court's function is not to review findings of fact by a lower tribunal, board, or officer having jurisdiction of

the matter if sustained by any competent and substantial evidence, unless it otherwise acted illegally." *Id.*

The city alleges the district court exceeded the scope of its authority in ordering it to pay Schmidt's medical expenses. The city argues that by determining the merits of Schmidt's claim, the district court impermissibly made a factual determination. In the alternative, it argues there is substantial evidence to support the denials of payment.

In its order, the district court noted the city failed to offer Schmidt an opportunity to respond to the independent medical opinion or otherwise present evidence to support his claim for medical benefits. The court determined the city thereby denied Schmidt due process. The city does not dispute this determination.

The court did not, however, then merely sustain the writs of certiorari and remand the matters to the city to provide the process the court had found lacking and decide the matters anew. *See* Iowa R. Civ. P. 1.1411.[2] The court instead went further and considered evidence that was not before the city in making the city's decisions,[3] relied in large part on that evidence and found that Schmidt's

---

[2] This rule states:

> Unless otherwise provided by statute, the judgment on certiorari shall be limited to annulling the writ or to sustaining it, in whole or in part, to the extent the proceedings below were illegal or in excess of jurisdiction. The judgment shall prescribe the manner in which either party may proceed, and shall not substitute a different or amended decree or order for that being reviewed.

[3] This evidence included a July 26, 2011 letter from Dr. Stavens, Plaintiff's Exhibit 6. This letter addressed the "central question" of whether Schmidt's stroke was related to his coronary artery disease (but also discussed whether his coronary artery disease, stroke, and peripheral artery disease were all related to the same conditions and

claims were for medical care to be provided pursuant to section 411.15; and ordered the city to pay the medical expenses in each instance.

Because the city acted illegally by failing to provide Schmidt with due process, the district court correctly sustained the writs of certiorari. We conclude, however, that in proceeding as it did to substitute different decrees or orders for those being reviewed, it overstepped the bounds of its authority. The proper course of action was to then remand the matters to the city with directions to provide Schmidt the opportunity to offer evidence on the question of whether his medical expenses were for treatment of injuries he incurred while in the performance of his duties as a city firefighter. After any such evidence, and any other evidence found to be appropriate, is added to the records previously made, new determinations should be made on the question of whether Schmidt's medical expenses qualify under section 411.15.[4]

We affirm the sustaining of the writs of certiorari, reverse remainder of the district court's January 28, 2013 decree or order, and remand to the district court for entry of an order consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

factors). This letter, written almost two years after the city's first denial, could not have been considered by the city in making that denial. Further, there is no evidence that this letter by Dr. Stavens was before the city in making its second denial.

This evidence also included an October 1, 2012 letter from Dr. Morris, Plaintiff's Exhibit 18, a letter dated more than a year after the city's second denial.

[4] While Schmidt raises a question about the city's ability to be impartial, we cannot presume that on remand the city will not provide an impartial decision maker.